**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Kessler, | No. CV-21-01918-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Samuel Hopkins, | |
| Defendant. | |

At issue is Defendant Samuel Hopkins's Notice of Removal (Doc. 1).

On an unknown date, Plaintiff Scott Kessler filed a Petition for Injunction Against Harassment against Defendant in Phoenix Municipal Court. (Doc. 1-3 at 6.) The state court judge entered the requested injunction on October 18, 2021. (Doc. 1-3 at 4-5.)

Defendant filed the Notice of Removal in this Court on November 12, 2021, stating that both Plaintiff and Defendant are employees of United States Immigration and Customs Enforcement and arguing that the Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1442. The Notice of Removal has myriad defects that are fatal to the removal.

To begin with, the Court is dubious that Defendant attached the entire state court record to the Notice of Removal, as counsel for Defendant attests (Doc. 1-4.) The Petition for Injunction Against Harassment (Doc. 1-3 at 6) contains no date or state court stamp. Moreover, the state court record contains no proof of service on Defendant. This Court can therefore not assess whether Defendant's removal of the case was timely; 28 U.S.C. § 1446

provides that a defendant must remove a case within "30 days after receipt by or service on that defendant of the initial pleading or summons."

Second, the Notice of Removal is inadequate for the Court to assess whether it has subject matter jurisdiction over this matter. Federal courts may exercise removal jurisdiction over a case only if subject matter jurisdiction exists. 28 U.S.C. § 1441(a); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). The removing party bears the burden of providing a signed notice of removal that contains a short and plain statement of the grounds for removal. 28 U.S.C. § 1446(a). A federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss (or remand) a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

Defendant removed this case based on 28 U.S.C. § 1442, which allows removal of a state court action directed at any officer of the United States or any agency thereof "relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). But the Supreme Court has clarified that

> Section 1442(a), in our view, is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant. Section 1442(a), therefore, cannot independently support Art. III "arising under" jurisdiction. Rather, it is the raising of a federal question in the officer's removal petition that constitutes the federal law under which the action against the federal officer arises for Art. III purposes.

*Mesa v. California*, 489 U.S. 121, 237 (1989). In the Notice of Removal, Defendant identifies no federal question providing a basis for this Court's jurisdiction, which is fatal to the removal.[1]

Third, the state court already entered the relief requested by Plaintiff in this case, namely, an Injunction Against Harassment (Doc. 1-3 at 4-5.) As such, Defendant's removal

---

[1] Indeed, Plaintiff's allegations in the Petition do not lead to the plausible inference that Defendant was acting under color of his federal office when he sent intimidating messages to Plaintiff.

acts as a request for this Court to review the decision of the state court, which this Court cannot do under the *Rooker-Feldman* doctrine. *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). First in *Rooker* and later in *Feldman*, the Supreme Court held that federal district courts cannot review state court decisions in an appellate capacity. The Ninth Circuit Court of Appeals has stated that *Rooker-Feldman* "prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing *de facto* appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). This, too, makes Defendant's removal improper. For all these reasons, the Court will remand this case to state court.

**IT IS THEREFORE ORDERED** directing the Clerk of Court to remand this case to Phoenix Municipal Court as soon as practicable and close this matter.

Dated this 14th day of December, 2021.

Honorable John J. Tuchi
United States District Judge